```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

   FRANK ROY,
                                        Civil No. 14-4277 (NLH/KMW)
            Plaintiff,

        v.                              **MEMORANDUM OPINION
                                        AND ORDER**

   PENN NATIONAL INSURANCE
   COMPANY,

            Defendant.

**APPEARANCES**:

Frank Roy
998 W. Landis Ave, Unit 121
Vineland, New Jersey 08360
     *Pro Se Plaintiff*


**HILLMAN, District Judge**

    This matter having come before the Court by way of Plaintiff's application [Doc. No. 1-1] to proceed <u>in forma pauperis</u> ("IFP application") in this action and by way of Plaintiff's complaint [Doc. No. 1] both of which were submitted to the Court on July 8, 2014; and

    The Court recognizing that when a non-prisoner seeks permission to file a civil complaint <u>in forma pauperis</u> under 28 U.S.C. § 1915, the Prison Litigation Reform Act ("PLRA") requires the person[1] to submit an affidavit that includes a

---

[1]    Although Section 1915 refers to "prisoners," federal courts

statement of all assets and that the person is unable to pay such fees or give security therefor, see 28 U.S.C. § 1915(a); and

 The Court recognizing that the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

 The Court having reviewed Plaintiff's IFP application and affidavit of poverty submitted on July 8, 2014, and Plaintiff having signed the affidavit in support of his IFP application declaring under penalty of perjury that he is unable to pay the costs of these proceedings, accordingly, based on the

---

apply Section 1915 to non-prisoner IFP applications as well. See, e.g., Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners.")).

2

information contained therein, the Court hereby grants Plaintiff's application to proceed in forma pauperis in this case and directs the Clerk to file the complaint in this action; and

The Court also noting that under the PLRA the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.; and

The Court further noting that a "document filed pro se is to be liberally construed, ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); and

In considering whether Plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in

3

the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed.R.Civ.P. 12(b)(6), [a district court is] ... required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff); and

The Court asking "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted); and

The Court noting that under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949); and

The Court further noting that a district court "must then determine whether the facts alleged in the complaint are

4

sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; and

Plaintiff purporting to bring this action because Defendant Penn National Insurance Company allegedly "violated the statute of Anti-Discrimination and also negligence[,]" (Pl.'s Compl. [Doc. No. 1] 1); and

Plaintiff alleging in the complaint that he "sustained loss on 12/02/2011 when [a] rental car was parked in the Camden ghetto at a nightclub[,]" (Id. ¶ 1); and

Plaintiff further alleging that a "Police officer came to the scene and to the best of [Plaintiff's] knowledge said she had just left another such incident[,]"  (Id.); and

Plaintiff asserting that Chris Arnold, an adjuster[2] "conspired with [an] attorney from Philadelphia[,] Monica O'Neil[,] to discriminate" and that "[v]ery suspiciously the case was transferred from the New Jersey claims office to Philadelphia[,]" (Id. ¶ 2); and

Plaintiff representing that the relevant claim number is

---

[2]  Although not specifically set forth in the complaint, it appears that Chris Arnold may be employed by Defendant Penn National Insurance Company.

5

17428204 and that his "policy was paid in full and cancelled after the legitimate claim" and received no refund, (Id. ¶ 3); and

    Plaintiff contending that "Monica O'Neil suspiciously got involved in this case with her involvement with [Plaintiff] with something else [and] is guilty of presenting a fraudulent affidavit in the lower courts[,]" (Id. ¶ 4); and

    The Court noting that Plaintiff therefore requests judgment against Penn National Insurance Company in the amount of $125,000.00 plus interest and costs of suit; and

    The Court noting that while Plaintiff makes a general allegation of discrimination, he does not further specify whether he is attempting to bring claims under 42 U.S.C. § 1983 for purported constitutional violations, or under Title VII of the Civil Rights Act, or under some other state law anti-discrimination statute; and

    The Court finding that, even construed liberally, Plaintiff's complaint does not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief under any federal statute or for a cause of action for negligence under state law, and does not set forth a sufficient basis for the exercise of jurisdiction by this Court at this

6

time; and

The Court noting that the Twombly/Iqbal standard requires Plaintiff to do more than simply allege his entitlement to relief in a conclusory manner and thus dismissal of Plaintiff's complaint without prejudice is warranted at this time under § 1915(e)(2)(B).

Accordingly,

IT IS on this   19th   day of    August   , 2014, hereby

**ORDERED** that Plaintiff's IFP Application [Doc. No. 1-1] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to file Plaintiff's complaint [Doc. No. 1] in this action; and it is further

**ORDERED** that Plaintiff's complaint shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk is directed to mark his matter as **CLOSED**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint in this action within **thirty (30)** days of the date of this Memorandum Opinion and Order which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief and that jurisdiction in this Court is proper.

At Camden, New Jersey

  s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.

7