```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____

FRANK ROY,

               Plaintiff,         Civil No. 14-4277 (NLH/KMW)

v.                                   **MEMORANDUM OPINION**
                                             **AND ORDER**
PENN NATIONAL INSURANCE
COMPANY,

               Defendant.

_____

**APPEARANCES:**

Frank Roy
998 W. Landis Ave, Unit 121
Vineland, New Jersey 08360

    *Pro Se Plaintiff*

**HILLMAN, District Judge**

    This matter having come before the Court by way of Plaintiff's application to proceed <u>in forma pauperis</u> and by way of Plaintiff's complaint submitted on July 8, 2014 alleging a violation of 42 U.S.C. § 1983; and

    The Court, pursuant to 28 U.S.C. § 1915, having previously reviewed the complaint to determine whether any claim is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief; and

The Court having found that Plaintiff's complaint, even construed liberally, did not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief under any federal statute or for a cause of action for negligence under state law (Mem. Op. and Order 6, August 19, 2014 [Doc. No. 3]); and

The Court having further found that Plaintiff failed to set forth a sufficient basis for the exercise of jurisdiction by this Court (Id. at 6-7); and

The Court having dismissed Plaintiff's complaint without prejudice and having granted Plaintiff leave to file an amended complaint which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief and that jurisdiction in this Court is proper (Id. at 7); and

Plaintiff having filed an amended complaint [Doc. No. 4] on September 10, 2014; and

The Court noting that federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, see Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)); see

2

also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977)); and

 The Court noting that in the amended complaint, Plaintiff asserts diversity of citizenship as a basis for jurisdiction pursuant to 28 U.S.C. § 1332; and

 The Court also noting that 28 U.S.C. § 1332(a) provides that the Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States; and

 The Court further noting that in the amended complaint, Plaintiff avers that Defendant is a citizen of the Commonwealth of Pennsylvania, with "a" principal place of business in Pennsylvania and "to the best of Plaintiff's knowledge, information and belief" is incorporated under the laws of Pennsylvania; and

 The Court finding that Plaintiff fails to properly aver the citizenship of Defendant because Plaintiff avers that Defendant has "a" principal place of business in Pennsylvania rather than

3

averring that Defendant has "its" principal place of business in Pennsylvania, see Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008); see also McNair v. Synapse Group Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012); and

The Court further finding that Plaintiff fails to properly aver the citizenship of Defendant because jurisdictional allegations made upon "information and belief" are insufficient to convince the Court that diversity exists between the parties, see Vail v. Doe, 39 F. Supp. 2d 477, 477-78 (D.N.J. 1999); and

The Court finding that the jurisdictional averments set forth in the amended complaint are insufficient to plead the citizenship of Defendant for the reasons outlined supra, rendering the Court unable to determine at this time whether complete diversity exists between the parties such that the Court may properly exercise jurisdiction over this matter; and

The Court also finding that the amended complaint avers that the claims exceed $75,000 but fails to allege with the requisite certainty that the damages in this case will meet the jurisdictional threshold, particularly where the cause of action is unclear and the claim appears to involve a failure to reimburse Plaintiff for a broken car window; and

The Court also finding that the amended complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain

4

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a); and

The Court noting in this regard that the original complaint alleged that Defendant "violated the statute of Anti-Discrimination and also negligence," but Plaintiff removed this allegation from the amended complaint and the amended complaint does not contain any cause of action, stating only that Defendant stole the balance of the insurance policy; and

The Court also noting that "a complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"

5

Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); and

    The Court noting that pro se complaints are to be construed liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but the Court will not be tasked with trying to ascertain what possible claims or theories of relief could arise from the facts set forth in the amended complaint, nor will the Court impose upon Defendant the burden of gleaning a cause of action from the pleading, see Pushkin v. Nussbaum, Civ. No. 2:12-0324, 2014 WL 4543069, at *6 (D.N.J. Sept. 11, 2014) ("the Court 'cannot expect Defendants to defend against claims that are not clearly and specifically alleged.'") (internal quotation omitted); Kassin v. U.S. Postal Serv., Civ. A. No. 111482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011) (complaint "recites factual allegations, but fails to identify any legal cause of action" and court would not "manufacture a fitting legal cause of action."); and

    The Court finding that the amended complaint does not recite sufficient facts in support of any potential claim. It appears that Plaintiff submitted a claim to an insurance company for a broken window in a rental car, and the insurance company did not provide a "refund" even though the policy was purportedly paid in full. However, Plaintiff's assertions that his claim was "legitimate" and that Defendant stole the balance

6

of the policy are wholly conclusory and lack any detail. Plaintiff provides no details about the insurance policy, the claim process, or the alleged "conspiracy" between a claims adjuster, who is presumably employed by Defendant, and a Philadelphia attorney identified in the complaint as Monica O'Neil.  The amended complaint also makes vague reference to a fraudulent affidavit that Ms. O'Neil allegedly submitted in another court, but there are no additional facts to place this allegation in context in the present action; and

The Court further finding in light of Plaintiff's pro se status that Plaintiff should be provided one more opportunity to state his claim.  Plaintiff must comply with Federal Rule of Civil Procedure 8(a) and set forth a "short and plain statement of the claim."  Additionally, Plaintiff must provide sufficient factual allegations in support of his jurisdictional averments as well as the claim or claims at issue to satisfy the pleading requirements under Twombly and Iqbal.  Failure to comply with the Federal Rules of Civil Procedure may result in the dismissal of Plaintiff's claims with prejudice.

THEREFORE, it is on this __14th__ day of ___November___, 2014,

**ORDERED** that the amended complaint filed on September 10, 2014 shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that plaintiff is granted leave to file a second amended complaint in this action **within thirty (30) days** of the date of this Memorandum Opinion and Order which sets forth his claims for relief, a basis for this Court to exercise jurisdiction over this matter, and sufficient facts in support thereof.  Any such amended complaint must properly plead the citizenship of Defendant and facts in support of the amount in controversy in accordance with the standards set forth herein.

        _s/ Noel L. Hillman_____
        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey